# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

OPERATING ENGINEERS LOCAL 139 HEALTH
BENEFIT FUND,

CENTRAL PENSION FUND OF THE INTERNATIONAL
UNION OF OPERATING ENGINEERS AND
PARTICIPATING EMPLOYERS,

WISCONSIN OPERATING ENGINEERS SKILL
IMPROVEMENT AND APPRENTICESHIP FUND,

JOINT LABOR MANAGEMENT WORK
PRESERVATION FUND,

TERRANCE E. MCGOWAN, as a trustee of said Funds,

INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 139, AFL-CIO

     Plaintiffs,

     v.                                      Case. No. 05-C-0020

LAKE STATES INDUSTRIAL SERVICES, INC.,

     Defendant.

---

# DECISION AND ORDER

---

## NATURE OF THE CASE

On January 10, 2005, the plaintiffs filed a complaint against the defendant, Lake States

Industrial Services (Lake States), a Wisconsin corporation.  In the first count, the complaint

alleges that Lake States was delinquent in its responsibility to the Funds in the amount of

$46,106.96 and, therefore, violated the Employee Retirement Income Security Act of 1974

(ERISA), as amended 29 U.S.C. §§ 1135, 1145.  In the second count, plaintiff International

Union of Operating Engineers Local 139, AFL-CIO (Union) alleges that the defendant failed

to remit administrative dues in the amount of $1,741.29 and, therefore, breached a collective bargaining agreement in violation of the Labor Management Relations Act, 29 U.S.C. § 185.

On February 7, 2005, the defendant filed an answer asserting the following affirmative defenses: 1) failure to state a claim upon which relief can be granted; 2) failure to mitigate damages; 3) any damages suffered by the plaintiffs were in whole, or in part, caused by their own conduct; 4) the plaintiffs' claims are barred by waiver, estoppel, laches and any applicable statute of limitations; and 5) plaintiffs' damages were caused by their own breaches of contract.

This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636 (b)(1)(B) and General Local Rule 72.1 (E.D. Wis.). The parties have consent to United States magistrate jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis.).

The plaintiffs have moved to strike the defendant's affirmative defenses. (Docket # 9). The defendant opposes the motion which will be addressed herein.

## MOTION TO STRIKE AFFIRMATIVE DEFENSES

Affirmative defenses are pleadings and, therefore, must set forth a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Thus, an affirmative defense must notify the plaintiff of the nature of the defense. Flasza v. TNT Holland Motor Exp., Inc., 155 F.R.D. 612, 613 (N.D. Ill. 1994). A motion to strike made pursuant to Fed. R. Civ. P. 12(f) is the appropriate means to remove "impertinent or redundant matter in any pleading and is the primary procedure for objecting to an insufficient defense." Van Schouwen v. Connaught Corp., 782 F. Supp. 1240, 1245 (N.D. Ill. 1991); see also, Builders Bank v. First bank & Trust Co., No. 03-4959, 2004 U.S. Dist. LEXIS 5016, at *5 (N.D. Ill. March 24, 2004) (appeal docketed, No. 03-04959 [7th Cir. 2004]).

Motions to strike are generally disfavored because of their potential to delay proceedings.  See Heller Financial, Inc. v. Midwhey Powder Co.,Inc., 883 F.2d 1286, 1294 (7th Cir. 1989). However, where motions to strike "remove unnecessary clutter from the case, they serve to expedite, not delay." Id.

In Bobbitt v. Victorian House, Inc., 532 F. Supp. 734, 737 (N.D. Ill. 1982), the court set forth three factors that a court should consider in assessing the sufficiency of an affirmative defense.  First, the court should determine whether the matter was appropriately pleaded as an affirmative defense.  "Only matters that deserve a clear 'no' answer will be stricken to made the pleading more concise." Id.  Second, if the matter may remain as an affirmative defense, the court should determine whether it was adequately pleaded in accordance with the requirements of Rules 8 and 9.  Finally, the court should determine whether the defense is legally sufficient in accordance with the standard used to evaluate Rule 12(b)(6) motions. In other words, the defense should be stricken only if the defendant cannot prove any set of facts in support of the defense that would defeat the complaint.  Id.  Affirmative defenses that are simply "bare bones conclusions of law" are insufficient." Heller Financial, Inc., 883 F.2d at 1295.

## Analysis

### Affirmative Defense 1:

The defendant asserts as its first affirmative defense that the plaintiffs fail to state a claim upon which relief can be granted. The defendant maintains that not raising this affirmative defense in its answer could potentially bar this defense from being raised at a later point in the proceedings. "If a defendant does not raise [affirmative] defenses at the time of filing an answer, those defenses are deemed waived." Castro v. Chicago Housing Authority, 360 F.3d 721, 735 (7th Cir. 2004). In this case, discovery is not yet completed.  The defendant

- 3 -

may need more time to evaluate the viability of this affirmative defense. Therefore, the plaintiffs' motion to strike this affirmative defense will be denied.

**Affirmative Defense 2**:

As a second affirmative defense, the defendant asserts that the plaintiffs failed to mitigate their damages. In their motion, the plaintiffs contend that the defendant failed to adequately plead this affirmative defense and question whether the failure to mitigate damages is an available affirmative defense in ERISA actions to collect delinquent fringe benefits or in actions to collect union dues. The plaintiffs cite Schleibaum v. Kmart Corp., 153 F.3d 496, 501 (7th Cir. 1998). The plaintiffs also point out that the defendant failed to address whether either plaintiff even had a duty to mitigate damages and, if so, how the accumulation of damages could have been prevented.

In Schleibaum, the court, in addressing the issue of mitigation of damages in the context of an employer violation of ERISA notice requirements, observed that the question of whether a plaintiff has a duty to mitigate its damages in the ERISA context is not a settled matter of law. The court stated: "Very few courts have addressed mitigation of damages in the context of ERISA." Id.; see also, Iron Workers' Local No. 25 Pension Fund v. Klassic Services, Inc., 913 F. Supp. 541 (E.D. Mich. 1996) (In an ERISA action to collect delinquent fringe benefits, court held that the duty to mitigate did not apply when defendant did not allege how the plaintiff could have avoided accumulation of damages.).

Even assuming that the affirmative defense applies in this action, the defendant has failed to properly plead this affirmative defense. Accordingly, the plaintiffs' motion to strike this affirmative defense of failure to mitigate damages will be granted.

- 4 -

**Affirmative Defense 3**:

The defendant's third affirmative defense states: "Upon information and belief, any damages suffered by the plaintiffs were in whole or in part caused by the plaintiffs' own conduct." (Defendant's Answer at 4). The defendant fails to identify the conduct on either plaintiffs' part that could have caused the damages suffered. Without identification of the conduct that may have caused damages or the party that may have caused them, the plaintiffs cannot be on notice as to what defense the defendant is pleading. Thus, the defendant has failed to comply with the requirements of Fed. R. Civ. P. 8(c). <u>Flasza</u>, 155 F.R.D. at 613. The plaintiffs' motion to strike this affirmative defense will be granted.

**Affirmative Defense 4-7**:

The defendant also asserts as affirmative defenses that the "plaintiffs' claims are barred by waiver, estoppel, laches and any applicable statute of limitations." (Defendant's Answer at 4). Waiver, estoppel, laches and statute of limitations all are affirmative defenses enumerated in Fed. R. Civ. P. 8(c), and have particular elements that differentiate them one from another.

Estoppel may be applied in certain ERISA actions. <u>See</u> <u>Coker v. Trans World Airlines, Inc.</u>, 165 F.3d 579, 585 (7th Cir. 1999). An estoppel "arises when one party has made a misleading representation to another party and the other has reasonably relied to his detriment on that representation." <u>Gallegos v. Mount Sinai Medical Center</u>, 210 F.3d 803, 811 (7th Cir. 2000) (quoting <u>Black v. TIC Investment Corp.</u>, 900 F.2d 112,115 [7th Cir. 1990]). Thus, four elements must be present: 1) a knowing representation; 2) made in writing; 3) with reasonable reliance on that representation by the party; and 4) to the party's detriment. <u>Trustmark Life Ins. Co. v. University of Chicago Hospitals</u>, 207 F.3d 876, 883 (7th Cir. 2000). Though the pleading standards of 8(a) are lenient, the defendant is still required to plead the "necessary elements

- 5 -

of the alleged claims." <u>Heller Financial, Inc.</u>, 883 F.2d at 1295. The defendant has failed to adequately plead the elements of estoppel. Therefore, this affirmative defense will be stricken.

The defense of laches is applicable when a "plaintiff has waited for an unreasonable length of time to assert his claim and the defendant has been prejudiced by the delay." <u>Central States, Southeast and Southwest Areas Pension Fund v. The Kroger Co.</u>, No. 01-2680, 2004 U.S. Dist. LEXIS 22059, at *32 (N.D. Ill. October 28, 2004) (quoting <u>Horbach v. Kaczmarek</u>, 288 F.3d 969, 973 [7th Cir. 2002]). Although laches is a form of equitable estoppel, it has different elements. "Laches requires only: 1) unreasonable delay and 2) prejudice to the other party as a result of that delay." <u>Central States, Southeast and Southwest Areas Pension Fund</u>, 2004 U.S. Dist. LEXIS 22059 at 33. The affirmative defense of laches is not adequately pleaded and will be stricken.

ERISA is silent on the issue of "what constitutes a valid waiver of interest." <u>Melton v. Melton</u>, 324 F.3d 941, 945 (7th Cir. 2003). "Waiver is the 'voluntary and intentional relinquishment or abandonment of a known existing right or privilege, which, except for such waiver, would have been enjoyed." <u>Id.</u> at 947 (citation omitted). Here, the defendant has not alleged what rights or interests the plaintiffs allegedly waived. Rather, this defense, as pled, is simply a "bare bones conclusory allegation" and fails to provide notice of the conduct allegedly constituting a waiver. <u>Heller Financial, Inc.</u>, 883 F.2d at 1295. Therefore, the plaintiffs' motion to strike this defense will be granted.

With respect to the defendant's statute of limitations defense, ERISA "does not contain a limitations periods for suits against employers to recover contributions owed to a multiemployer plan." <u>Teamsters & Employers Welfare Trust of Illinois v Gorman Bros. Ready Mix</u>, 283 F.3d 877, 880 (7th Cir. 2002). "The usual practice when a federal statute fails to specify a limitations period for suits under it has been to 'borrow' a state's analogous statute

- 6 -

of limitations, and that is what courts have done in the case of Employee Retirement Income Security Act of 1974 suits for the recovery of employer's delinquent contributions." Id. The limitations period in Wisconsin is six years. Doe v. Blue Cross & Blue Shield United of Wisconsin, 112 F.3d 869, 873 (7th Cir. 1997).

The defendant asserts that not pleading an affirmative defense in an answer can bar the ability to plead that defense in the future. Discovery is not yet completed. Through discovery the defendant can ascertain whether the plaintiffs' claims are barred by the statute of limitations. Therefore, the plaintiffs' motion to strike this affirmative defense will be denied.

**Affirmative Defense 8**:

In its final affirmative defense, the defendant asserts that "the plaintiffs' action is barred by, and any damages plaintiffs suffered are caused by, plaintiffs' breaches on contract." (Defendant's Answer at 5). This conclusory allegation does not provide the plaintiffs with notice as to what contract was allegedly breached and which plaintiff was allegedly responsible for such breach. Where an affirmative defense is merely listed without providing a short statement explaining the basis of the defense, it is properly stricken. Accordingly, because this affirmative defense fails to comport with the requirements of Rule 8, it will be stricken.

For the reasons stated herein, the plaintiffs' motion to strike the defendant's affirmative defenses will be granted with respect to affirmative defenses two, three, four, five and eight. The motion is denied with respect to affirmative defenses one and six. The defendant is granted leave to amend the stricken affirmative defenses within 20 days of the issuance of this decision and order.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the plaintiffs' motion to strike the defendant's affirmative defenses be and hereby is **granted in part** and **denied in part** as stated herein. (Docket # 9).

**IT IS ALSO ORDERED** that the defendant is **granted** leave to amend the affirmative defenses within 20 days of the date of this order, if it so chooses.

Dated at Milwaukee, Wisconsin, this 30th day of June, 2005.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge